# United States District Court

### Northern District of Texas
### Dallas Division

UNITED STATES OF AMERICA

     v.

                                    Case Number    3:01-CR-003-K (02)

MICHAEL RAY ALEXANDER
     Defendant.

## JUDGMENT IN A CRIMINAL CASE

(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

     The defendant, MICHAEL RAY ALEXANDER, was represented by Carlton McLarty, Assistant Federal Public Defender.

**THE DEFENDANT:**

     Admitted guilt of violation of condition(s) of the term of supervision.

**\*\*SEE ATTACHED PETITION FOR OFFENDER UNDER SUPERVISION\*\***

| Violation Number | Nature of Violation | Date of Violation |
|---|---|---|

     A certified copy of the Judgment imposed on May 25, 2001, in the Northern District of Texas, is attached.

     As pronounced on March 9, 2006, the defendant is sentenced as provided in pages 1 and 2 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

     IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed March 21, 2006.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

AO 245 D (Rev.10/96)Sheet 2 - Imprisonment in a Criminal Case for Revocations

Defendant: MICHAEL RAY ALEXANDER                          Judgment--Page 2 of 2
Case Number: 3:01-CR-003-K (02)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **four (4) months.  No term of supervised release is imposed.  Defendant shall continue to make monthly payments of at least $100 towards the remaining restitution balance of $18,979.96.  The Court releases the defendant from his community service obligation.  The defendant shall receive credit for time served since January 25, 2006.**

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal



PROB 12C
(3/2005)

# United States District Court

for

## Northern District of Texas

SEP 2 1 2005

CLERK, U.S. DISTRICT COURT

By _____ Deputy

## Petition for Offender Under Supervision

Name of Offender: <u>Michael Ray Alexander, Jr.</u>          Case Number: <u>3:01-CR-003-K(02)</u>

Name of Sentencing Judicial Officer: <u>U.S. District Judge Joe Kendall (Case transferred to U.S. District Judge Ed Kinkeade, pursuant to Special Order 3-227, dated November 25, 2002.)</u>

Date of Original Sentence: <u>May 14, 2001</u>

Original Offense: <u>Possession and Utterance of a Counterfeited Security of an Organization, 18 USC §§ 513(a) & 2</u>

Original Sentence: <u>5 years probation</u>

Type of Supervision: <u>Probation</u>          Date Supervision Commenced: <u>May 14, 2001</u>

Assistant U.S. Attorney: <u>Floyd Clardy</u>          Defense Attorney: <u>Robert D. Burns (appointed)</u>

---

## PETITIONING THE COURT FOR ACTION FOR CAUSE AS FOLLOWS:

[X]     To issue a violator's warrant.

[]     To issue a summons.

The probation officer believes that the offender has violated the following condition(s):

### I.

<u>**Violation of Standard Condition No. 2**</u>: The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first 5 days of each month.

Certified a true copy of an instrument
on file in my office on 3/21/06
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

PROB 12C
Michael Ray Alexander, Jr.
Petition for Offender Under Supervision

Page 2

## Nature of Noncompliance

Michael Ray Alexander, Jr., violated this condition of probation when he failed to report and submit written reports for November and December 2004, and March, April, June, July, and August 2005. Mr. Alexander's whereabouts are currently unknown.

### II.

**Violation of Standard Condition No. 3**:  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

## Nature of Noncompliance

Michael Ray Alexander, Jr., violated this condition of probation when he failed to provide a DNA sample on June 21, 2005, at the U.S. Probation Office as instructed by U.S. Probation Officer Michael Schumacher, per the DNA Analysis Backlog Elimination Act of 2000.

### III.

**Violation of Additional Condition**:  The defendant shall complete 480 hours of community service at a rate of 20 hours per month.  The defendant shall provide monthly verification of hours completed.

## Nature of Noncompliance

Michael Ray Alexander, Jr., violated this condition of probation by failing to provide monthly verification of community service hours completed. Mr. Alexander last provided verification on January 11, 2005, of the completion of 60 hours of community service.  He has a balance of 420 hours of community service.

Respectfully submitted,

Darwin D. Shaw
U.S. Probation Officer
972-864-8503, Ext. 229

Approved,

Wendy D. Landry
Supervising U.S. Probation Officer
972-864-8503, Ext. 231

I declare under penalty of perjury that the foregoing is true and correct.

Darwin D. Shaw
U.S. Probation Officer

Signed on ___9-2-05___
                        Date

PROB 12C
Michael Ray Alexander, Jr.                                                                    Page 3
Petition for Offender Under Supervision

---

## THE COURT ORDERS:

[ ]    No action.
[✓]    The issuance of a violator's warrant.
[ ]    The issuance of a summons.
[ ]    Other.


_Ed Kinkeade_
Ed Kinkeade
U.S. District Judge

_9/20/2005_
Date


DDS:lcm

**ORIGINAL COPY**

# United States District Court
### Northern District of Texas
### Dallas Division

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY 25 2001

CLERK, U.S. DISTRICT COURT

By _____
Deputy

UNITED STATES OF AMERICA

v.                                          Case Number    3:01-CR-003-X (2)

MICHAEL RAY ALEXANDER, JR.
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, MICHAEL RAY ALEXANDER, JR., was represented by Robert D. Burns.

On motion of the United States, the Court has dismissed the remaining counts of the indictment as to this defendant.

The defendant pleaded guilty to count(s) 1 of the indictment filed on January 3, 2001. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC § 513(a) & 2 | Possession and Utterance of a Counterfeited Security of an Organization | January 31, 2000 | 4 |

As pronounced on May 14, 2001, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for count(s) 4, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 25th day of May, 2001.

**REDACTED**

_____
JOE KENDALL
UNITED STATES DISTRICT JUDGE

Certified a true copy of an instrument on file in my office on 3/21/06. Clerk, U.S. District Court, Northern District of Texas. By _____ Deputy

AO 245 S (Rev. 10/98) Sheet 4 - Probation

Defendant:  MICHAEL RAY ALEXANDER, JR.                              Judgment--Page 2 of 5
Case Number:  3:01-CR-003-X (2)

# PROBATION

The defendant is hereby placed on Probation for a term of **five (5) years.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable)

The defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of Probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of Probation in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF PROBATION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his or her dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)   The defendant shall notify the probation officer 10 days prior to any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 9/96) Sheet 4a - Probation

Defendant: MICHAEL RAY ALEXANDER, JR.                     Judgment--Page 3 of 5
Case Number: 3:01-CR-003-X (2)

# ADDITIONAL CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

The defendant shall participate in the Home Confinement Program for a period of 180 consecutive days. During this time, the defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's U.S. Probation Officer. The defendant will maintain a telephone at defendant's place of residence without "call forwarding," a modem, "Caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the defendant's probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the defendant's probation officer.

Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall make restitution in the amount of $19,079.96, joint and several with Akeba Burns, case no. 3:00-CR-243-M (1), payable to the U.S. District Clerk for disbursement to: Bank One and Bank United, see page 4 for breakdown. Payment shall begin 30 days from the date of judgment through monthly installments of at least $100. Further, pursuant to 18 USC § 3612(f)(3), interest on the restitution is waived.

The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule.

The defendant shall provide to the probation officer any requested financial information.

The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. It is ordered that the defendant contribute to the costs of services rendered (co-payment) in an amount to be determined by the Court, based on ability to pay or availability of third-party payment.

AO 245 S (Rev. 9/96) Sheet 6 - Restitution

Defendant:  MICHAEL RAY ALEXANDER, JR.                    Judgment--Page 4 of 5
Case Number:  3:01-CR-003-X (2)

# RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

**Name of Payee**

Bank One
Attn:  Jude Griggs
Bank One Corporate Security
Check No.:  161869                              **$10,597.24**

Bank United
Attn:  Chad Medars
Security Department
Check Nos.:  4592 and 161868                    **$ 8,482.72**
                                                _____

                                                **$ 19,079.96**

Payments of restitution are to be made to the United States District Clerk.

Restitution shall be paid in equal monthly installments of at least $100.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 USC § 3612(f)(3).